UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SUSAN SMITH,

Plaintiff,

v.                    4:10-cv-246

FIRST MARGIE, INC., d/b/a/ QUAIL RUN LODGE, and DAN CONNELL,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiff Susan Smith ("Smith") sued her former employer First Margie, Inc., d/b/a Quail Run Lodge ("Quail Run"), and its owner Dan Connell ("Connell") (collectively "Defendants"), for violating her civil rights under Title VII and 42 U.S.C. § 1981, and for intentional infliction of emotional distress ("IIED"). *See* Doc. 1. Before the Court is Connell's "Motion and Memorandum to Dismiss Dan Connell." *See* Doc. 6. Connell contends that because Smith did not make any allegations against him in his individual capacity, and he is not an "employer" under Title VII, he is not a proper party. *See id.* Smith concedes that Connell is not an employer under Title VII and thus he is not a proper party under that theory. *See* Doc. 12; *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). Therefore, Connell's motion is *GRANTED* with respect to Title VII. Smith insists, however, that her allegations against Connell for violating 42 U.S.C. § 1981 and intentional infliction of emotional distress survive. *See* Doc. 12.

### II. STANDARD OF REVIEW

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in Smith's Complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

### III. ANALYSIS

#### A. 42 U.S.C. § 1981

Connell's only arguments that Smith's § 1981 claim should be dismissed are that her Complaint "does not make any allegations against Dan Connell in his individual capacity," *see* Doc. 6, and that "Smith does not allege that Connell personally participated in the alleged discrimination," *see* Doc. 13 at 2. "Contrary to Title VII, individual employees can be held liable for discrimination under § 1981." *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) (citations omitted).

Smith's attribution of the alleged discriminatory actions to Connell, rather than Quail Run, is ambiguous. Throughout her allegations on the § 1981 count, Smith uses the singular term "Defendant." *See*

Doc. 1 at 5 ("*Defendant's* racially discriminatory . . . *Defendant* has subjected Plaintiff Smith to retaliation . . . *Defendant's* racially discriminatory policy . . . *Defendant* retaliated . . .") (emphasis added).

It is unclear whether Smith meant to charge both Connell and Quail Run with this conduct or just one of them. On page 2 of her Complaint, Smith uses the singular "Defendant" to refer to each Dan Connell and Quail Run individually. *See id.* at 2 ("Plaintiff was employed by QUAIL RUN LODGE which is owner [sic] and operator [sic] by *Defendant* Dan Connell. . . . The QUAIL RUN LODGE is an employer as defined by 42 U.S.C.A. §2000e(b). *Defendant* is subject to the provisions of Title VII . . .") (emphasis added).

In resolving a motion to dismiss, ambiguous language "should be construed in the light most favorable" to the non-moving party. *See Miccosukee Tribe of Indians of Fla. v. So. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Neither defendant filed a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) before filing a joint answer, in which they defined the term "Quail Run Lodge" as referring to both Quail Run and Connell collectively. *See* Doc. 3. Defendants appear to have understood the term "Defendant," as used in Smith's Complaint, to refer to both defendants collectively. The Court agrees. Once one includes Connell within the term "Defendant," Smith's Complaint directly accuses him of retaliating against her for opposing an unlawful employment practice in violation § 1981. *See* Doc. 1 at 5.

As neither party has briefed the more general sufficiency of the factual allegations supporting the elements of Smith's § 1981 claim, the Court does not reach that issue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 581 (1992) (noting the "vitality of the adversarial process" to ensure proper resolution and "a realistic appreciation of the consequences of judicial action"). Connell's motion to dismiss is ***DENIED*** with respect to Smith's § 1981 count.

**B. IIED**

Connell's only argument that Smith's IIED claim should be dismissed is that her Complaint "does not make any allegations against Dan Connell in his individual capacity." *See* Doc. 6. When one reads Smith's use of the singular "Defendant" to include Connell, this is plainly incorrect. *See* Doc. 1 at 6. The Court also does not reach the more general sufficiency of Smith's IIED pleading. *See Lujan*, 504 U.S. at 581. Connell's motion is ***DENIED*** with respect to Smith's IIED claim.

**IV. CONCLUSION**

Connell's motion is ***GRANTED*** with respect to Title VII, but ***DENIED*** as to Smith's 42 U.S.C. § 1981 and IIED claims. Connell's motion to dismiss, *see* Doc. 6, is ***GRANTED IN PART AND DENIED IN PART***.

This 28th day of February 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2